**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| UNITED STATES OF AMERICA | CRIMINAL NO. 17-323-01 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CODI DODGE (01) | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

Before the Court are several motions filed by Defendant Codi Dodge ("Dodge") including motions captioned as: a motion for reconsideration [Record Document 218]; a motion for bond pending this Court's decision on the motion for reconsideration [Record Document 236]; a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [Record Document 238] along with several supplemental memoranda [Record Documents 241, 242 & 250]; and a motion to expedite consideration of Dodge's motion for compassionate release [Record Document 251].

For the following reasons, Dodge's motion for reconsideration and motion for reduction of sentence are **DENIED**, and his motions for bond and for expedited review are **DENIED AS MOOT**.

## Background

Dodge is a former police officer with the St. Martinville Police Department. In December 2017, Dodge was named in a seven-count indictment in the Western District of Louisiana based on two separate incidents in which he allegedly used unreasonable physical force resulting in bodily injury against an arrestee while acting as a law enforcement officer. The indictment included charges that Dodge acted illegally to cover

up these incidents. On November 5, 2018, a jury found Dodge guilty on four counts: (1) deprivation of rights under color of law, in violation of 18 U.S.C. § 242; (2) conspiracy to tamper with a witness and make false reports, in violation of 18 U.S.C. § 371; (3) false report, in violation of 18 U.S.C. § 1519; and (4) tampering with a victim, witness, or informant, in violation of 18 U.S.C. § 1512(b)(3). Record Documents 1 & 112. On February 14, 2019, Dodge was sentenced to 108 months' imprisonment and three years of supervised release. Record Document 158.

Dodge previously filed an emergency motion based on the COVID-19 pandemic for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), or alternatively, a motion for a sentence of time served followed by a term of supervised release. Record Document 203. The Court found that Dodge did not allege extraordinary and compelling reasons for a reduction, in large part because he did not allege any particular medical conditions or other circumstances that would put him at elevated risk for COVID-19. The Court further found that, even if such reasons existed, Dodge would not be eligible for compassionate release based on the 18 U.S.C. § 3553(a) factors. The Court denied Dodge's motion on July 6, 2020. Record Document 209.

<u>**Law & Analysis**</u>

I.     **Motion for Reconsideration**

In his motion captioned as a "motion for reconsideration," Dodge asks the Court to reconsider its ruling on his emergency motion for reduction of sentence pursuant to 60(b). Record Document 218 at 1. In doing so, Dodge argues new facts have developed

2

since this Court's denial of the motion. In October 2020, three months after the Court's ruling, Dodge tested positive for COVID-19.[1] *Id.* at 3.

Under Rule 60(b) a Court "may relieve a party . . . from a final judgment, order, or proceeding" for limited reasons. Courts may grant Rule 60(b) relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)." To constitute newly discovered evidence under the Rule, the evidence must have been in existence at the time of the Court's final judgment, order, or proceeding that the movant contends should be reconsidered. *Chilson v. Metro. Transit Auth.*, 796 F.2d 69, 70 (5th Cir. 1986) (citing *NLRB v. Jacob Decker & Sons*, 569 F.2d 357, 364 (5th Cir. 1978)).

Dodge is a pro se prisoner, which means his motion is "entitled to the benefit of a liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). The Court therefore looks to the substance of his filing, rather than its label, to evaluate claims for relief. *Id.* at 426-27. The fact that Dodge tested positive for COVID-19 was not in existence at the time of Dodge's original motion and is therefore not "newly discovered evidence" under Rule 60(b)(2). So while Dodge's motion is brought under Federal Rule of Civil Procedure 60(b), it is not a proper motion under this Rule. However, the Court will evaluate whether Dodge is eligible for other relief.

---

[1] In his motion, Dodge also presents a legal argument not raised in his original filing. He argues that being detained during the COVID-19 pandemic constitutes cruel and unusual punishment under the Eighth Amendment. Record Document 218 at 5-6. A novel legal argument is not grounds for relief under Federal Rule of Civil Procedure 60(b), nor under 18 U.S.C. § 3582(c)(1)(A)(i).

Dodge argues that the development of new facts after his initial motion is sufficient to constitute extraordinary and compelling circumstances. The Court finds that because the remedy Dodge seeks is release or a sentence reduction based on new facts, his motion is, in substance, one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See Thaler*, 630 F.3d at 426.

### A. Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3852(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative-exhaustion provision of 18 U.S.C. § 3852(c)(1)(A) is set out in mandatory terms: The district court can only modify a sentence after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)) ("Mandatory exhaustion regimes brook no exceptions."); *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court should only consider Dodge's motion if he has satisfied one of the aforementioned exhaustion requirements.

4

Dodge has not satisfied this claim processing requirement. There is no evidence to suggest that Dodge requested compassionate release or a sentence reduction after he tested positive for COVID-19. While the Court takes note that Dodge filed his motion under Rule 60(b) in name, it cannot excuse his failure to satisfy the exhaustion requirement.[2] Dodge therefore failed to exhaust his administrative remedies and his motion for compassionate release is not properly before the Court.

## B. Extraordinary and Compelling Circumstances

Even if Dodge had exhausted his administrative remedies such that his motion was properly before the Court, it would be denied because there are no extraordinary and compelling circumstances justifying his release. While a court generally "may not modify a term of imprisonment once it has been imposed," the Court would be permitted to reduce Dodge's sentence if he could establish "extraordinary and compelling reasons" to justify a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of showing why a reduction is justified. *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

Prior to the recent Sentencing Guideline amendments, district courts evaluating claims for compassionate release based on COVID-19 were left to engage in a highly fact-intensive, totality of the circumstances analysis. But even then, it was clear to district courts that the spread of the coronavirus and the conditions of confinement in jail, alone,

---

[2] The Court could potentially construe Dodge's original exhaustion of administrative remedies as sufficient for this motion. However, given the mandatory language of the statute, coupled with the fact that the substance of Dodge's claims are meritless, the Court is not inclined to do so.

were not sufficient grounds to justify a finding of extraordinary and compelling circumstances. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). The Fifth Circuit explained that courts had discretion to deny compassionate release based on COVID-19 claims, even where a petitioner established a severe health condition that put them at serious risk of complication if they contracted COVID-19. *See id.* at 434-35.

The Sentencing Guidelines were amended effective November 1, 2023 to address various concerns and a circuit split as to how courts evaluated motions for compassionate release. For the first time since the First Step Act was passed, the Sentencing Commission outlined specific examples of reasons that would be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i). The six categories outlined in the Sentencing Guidelines are: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons; and (6) extraordinarily long sentence. U.S.S.G. § 1B1.13(b).

In the revised guidelines, the Commission also addressed factors considered by courts during the COVID-19 pandemic in assessing whether a prisoner's circumstances constituted extraordinary and compelling circumstances. The Guidelines now state that extraordinary and compelling circumstances exist if:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).[3]

Dodge's allegations do not rise to the level of extraordinary and compelling circumstances.[4] First, Dodge is not housed in a correctional facility he alleges is at risk of an infectious disease outbreak and/or an ongoing public health emergency. The COVID-19 public health emergency expired in May 2023. Press Release, HHS Secretary Xavier Becerra, Secretary, Dep't Health & Hum. Servs., Statement on End of the COVID-19 Public Health Emergency, (May 11, 2023). And while Dodge's motion focuses on the risk of contracting (or having) COVID-19 at FMC Butner, he is no longer housed there. *See* Record Document 218 at 3-4. Dodge is now housed in a residential reentry program, making any concerns he had about exposure to the conditions at FMC Butner moot.

Secondly, Dodge has not alleged any personal health risk factors that would put him at increased risk of suffering severe medical complications or death as a result of exposure to, or contraction of, COVID-19. In the years since Dodge contracted COVID-

---

[3] The Guidelines provide for other medical circumstances that may constitute extraordinary and compelling circumstances including a terminal illness, serious physical or medical condition, or condition that requires long-term or specialized medical care—none of which are applicable here. *See* U.S.S.G. § 1B1.13(b)(1).

[4] Dodge's claim would also fail under the Sentencing Guidelines in effect prior to November 1, 2023. Under the previous Guidelines, the Court would engage in a totality-of-circumstances analysis addressing those same factors addressed explicitly in the amended Guidelines: the correctional facility in which one is held (or in this case, no longer held), health risk factors, and adequacy of any potential mitigation efforts.

19 at FMC Butner, there is no evidence he has experienced any complications. Dodge has generalized concerns that are insufficient to support a motion for compassionate release.

In summary, Dodge's motion for compassionate release is not properly before the Court because Dodge did not exhaust his administrative remedies. Even if it was properly before the Court, it would be denied because he does not allege any facts that rise to the level of extraordinary and compelling circumstances.

Accordingly, Dodge's motion for reconsideration is **DENIED** and his subsequent motion for bond pending this Court's decision on the motion for reconsideration is **DENIED AS MOOT**.

## II.    Motion for Reduction of Sentence

On October 6, 2022, Dodge filed a motion captioned as a "motion for a reduction of sentence" or compassionate release. Record Document 238. In it, he alleges the BOP incorrectly calculated his eligibility for home confinement or halfway house placement, and that this miscalculation should constitute an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i). *Id.* at 2-3. The Government responds that the proper vehicle to challenge a sentencing calculation is 28 U.S.C. § 2241. Record Document 240 at 3-4. It also contends that the BOP's calculations were correct, and that this Court should not grant any reduction based on the 18 U.S.C. § 3553(a) factors. *Id.* at 4.

Dodge filed several supplements to his motion. In the first supplement, he concedes that the duration of his confinement "is not mandated by statute; rather, it is . . . within the discretion of the Federal Bureau of Prisons." Record Document 241 at 3.

But he argues the BOP abused its discretion in "ignor[ing] his post-sentencing rehabilitation and his PATTERN score" and failing to move him to home confinement. *Id.* at 3. He argues this abuse of discretion constitutes an extraordinary and compelling circumstance. *Id.* In the second supplement, he argues that the 2023 amendments to the Sentencing Guidelines support his argument. Record Document 242. Finally, in his third supplement, Dodge argues that the BOP's alleged miscalculations extended his time on home confinement, which delays his date of supervised release and constitutes an extraordinary and compelling circumstance. Record Document 250.

The United States Supreme Court has held that "§ 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Wilbourn*, 62 F.3d 395, 1995 WL 449624, at *5 (5th Cir. 1995) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). To challenge computations of credit, prisoners must first seek administrative review. *Wilson*, 503 U.S. at 335; *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing 28 C.F.R. §§ 542.10–542.16 (1990)). Then, "once [the] prisoner has exhausted his administrative remedies, he may 'file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence.'" *United States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010) (quoting *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001)), *aff'd*, 566 U.S. 231 (2012).

The Government is correct in noting that 28 U.S.C. § 2241 is the avenue for relief based on an allegedly incorrect computation of credit. As discussed *supra*, the Court

characterizes a pro se petitioner's filings liberally. "It is the substance of the relief sought by a pro se pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Thaler*, 630 F.3d at 426-27. Because Dodge seeks a 28 U.S.C. § 2241 remedy, the Court would typically construe his motion as a motion seeking a writ of habeas corpus.

However, this Court would not have jurisdiction over such a claim. "To entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam) (emphasis added); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)).[5]

Dodge filed the instant motion on October 6, 2022. At that time, Dodge resided in North Carolina. *See* Record Document 233 (noting a change in address to FCI Butner Low in Butner, North Carolina). Dodge was not within the Court's respective jurisdiction upon the filing of the instant motion. This Court therefore does not, and would not, have jurisdiction over such a petition. The Court notes that Dodge filed a petition for writ of habeas corpus in the Eastern District of North Carolina, where he was held at the time

---

[5] The Court would be in error to construe Dodge's motion as one over which it has no jurisdiction. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (finding that a court can "hardly be expected" to construe a petition as one over which it would have no jurisdiction); *Moorehead v. Chandler*, 540 F. App'x 458, 458 (5th Cir. 2013). This is especially so because the "[d]ismissal of a first habeas petition is a particularly serious matter." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)).

the motion for compassionate release was filed with this Court. *See Dodge v. Scarantino*, Pet. Writ Habeas Corpus [Record Document 1], No. 5:23-HC-2155-FL-RJ (E.D.N.C. July 13, 2023).

Even assuming this Court could consider the instant motion, the claim would be without merit.[6] As explained above, the Sentencing Guidelines effective November, 1, 2023 outline specific circumstances that qualify as "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i), including: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons; and (6) extraordinarily long sentence. U.S.S.G. § 1B1.13(b).

Any potential reduction of Dodge's sentence would have to be based on "other reasons." Reductions based on length of sentence are reserved for defendants who have served at least ten years of their sentence, which is inapplicable to Dodge. Dodge does not allege he is entitled to a reduction based on age, medical condition, family circumstances, or abuse in custody. Therefore, his circumstances would have to fit into the category reserved for "other reasons," which are reasons that are "similar in gravity" to medical conditions, age, family circumstances, or abuse. *See* U.S.S.G. § 1B1.13(b)(5).

Dodge concedes that the duration of his confinement and decisions as to credits of time are discretionary decisions to be made by the BOP. Record Document 241 at 3. He simply argues that the BOP's alleged calculation of his time credits is an abuse of discretion such that it constitutes an extraordinary and compelling circumstance similar

---

[6] Because this motion is procedurally incorrect, it does not fit neatly into the requirements of 18 U.S.C. § 3852.

in gravity to a medical condition, age, family circumstance, or abuse. The Court disagrees. Even if the alleged miscalculation was similar in gravity, this Court cannot require the BOP to apply Dodge's requested time credits given the BOP's discretion over the matter.

Finally, even if this Court were to find that Dodge's circumstances are extraordinary and compelling (which it would not), the Court has previously found that the § 3553(a) factors do not weigh in favor of a sentence reduction. This Court analyzed the § 3553(a) factors in its denial of Dodge's 2020 motion for compassionate release and determined that the factors did not weigh in favor of a reduction. Record Document 209 at 9-10. No additional facts in Dodge's favor have developed since that time. There is no evidence to suggest Dodge's rehabilitation is extreme enough to warrant rebalancing of the § 3553(a) factors. In fact, in his supplement to the instant motion, Dodge continues to describe his criminal conduct in a way that this Court views as a stark mischaracterization. *See* Record Document 241 at 1-2. The § 3553(a) factors consider, among other things, the necessity of the sentence to "reflect the seriousness of the offense, to promote respect for the law, . . . to afford adequate deterrence to criminal conduct[, and] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). Dodge's continued denial of the conduct underlying his criminal conviction demonstrates his refusal to appreciate the serious nature of his offenses.

Accordingly, Dodge's motion for compassionate release is **DENIED** and his subsequent motion for expedited consideration of the motion is **DENIED AS MOOT**.

## **Conclusion**

For the reasons assigned herein, Dodge's motion for reconsideration [Record Document 218] and motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [Record Document 238] are hereby **DENIED**. Dodge's motion for bond pending review [Record Document 236] and motion for expedited review [Record Document 251] are hereby **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 28th day of October, 2024.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE